# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RUDY MENDOZA,** )   | |
| **Petitioner,** )   | **Civil Action No. 12-59 Erie** |
| )   | |
| **v.** )   | **District Judge Sean J. McLaughlin** |
| )   | **Magistrate Judge Susan Paradise Baxter** |
| **ERIE COUNTY DISTRICT** )   | |
| **ATTORNEY'S OFFICE;** )   | |
| **ERIE COUNTY COURT OF COMMON** )   | |
| **PLEAS; ERIE COUNTY EXECUTIVE/** )   | |
| **COUNCIL; ERIE COUNTY REGIONAL** )   | |
| **CONTRACT JAIL ALBION; INMATE** )   | |
| **GENERAL WELFARE FUND; AND,** )   | |
| **PENNSYLVANIA DEPARTMENT OF** )   | |
| **CORRECTIONS,** )   | |
| **Respondents.** )   | |

## MEMORANDUM ORDER

**SEAN J. McLAUGHLIN, District Judge.**

The petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, was filed on February 28, 2012, and was referred to United States Magistrate Judge Susan Paradise Baxter for a report and recommendation in accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Local Rules for Magistrate Judges.  Petitioner, Rudy Mendoza, is a state prisoner currently incarcerated at the State Correctional Institution Albion.  He is serving a judgment of sentence of 10-20 years' imprisonment, which was imposed upon him by the Court of Common Pleas of Westmoreland County at Criminal Docket No. 5026 of 2005 on November 8, 2006.  He claims that his sentence is excessive because it exceeds the recommended range set forth by Pennsylvania's Sentencing Guidelines.  [ECF No. 6 at 2-3].  As a result, he claims, his sentence "lacked finality" and did not authorize his detention.  He further claims that when the Pennsylvania Department of Corrections (the "DOC") took custody of him after his sentencing, it was aware that it did not have the authority to detain him.  The DOC therefore contracted

1

1    with "the Erie County Court of Common Pleas, its Executive/Council, its administrative contract jail

2    Albion Warden, formerly and now Michael W. Harlow, and Records Supervisor Cheryl Gill to 'alter'

3    cause of detainment record for express purpose to 'hold' [him] at Albion[.]" [ECF No. 6 at 3].  Petitioner

4    also claims that when he was temporarily transferred to a prison in Muskegon County, Michigan, for

5    service of his Pennsylvania sentence from February 17, 2010, through May 25, 2011, his underlying

6    sentence was "cancelled/terminated." [ECF No. 6 at 3-5].  As relief, Petitioner seeks an order from this

7    Court directing that he be released from custody and that he receive "compensatory relief from each

8    defendant" pursuant to 42 U.S.C. § 1983.  [ECF No. 6 at 1, 6].

9           On September 5, 2012, the Magistrate Judge issued a Report and Recommendation [ECF No. 32]

10    recommending that the petition be summarily dismissed and that a certificate of appealability be denied.

11    She further recommended that the Erie County Court of Common Pleas' motion to dismiss and strike

12    [ECF No. 12] be granted.  Objections were filed by Petitioner on September 18, 2012.  [ECF No. 34].

13          Where, as here, objections have been filed, the Court is required to make a *de novo*

14    determination as to those portions of the R&R to which objections were made.  See 28 U.S.C.

15    § 636(b)(1).  Accordingly, this Court has carefully examined *de novo* all arguments raised by Petitioner

16    in his Objections and we find that they have no merit.  Petitioner insists that there is no valid judgment

17    of sentence in his case, but the record is clear that he is in DOC custody pursuant to the judgment of

18    sentence imposed by the Court of Common Pleas of Westmoreland County on November 8, 2006.  [See

19    State Resp. Exs. 1-3, ECF No. 28-1 at 20, 30-40].  His also alleges that in 2010 a "district court" held

20    that "his detention in [the] State of Michigan [was] unconstitutional,"[1] thereby "voiding" his judgment of

21    sentence.  [ECF No. 34 at 2].  The record is utterly devoid of support for that contention.  Finally,

---

[1]       Petitioner was one of those state prisoners who was temporarily transferred to a prison in Muskegon County, Michigan, for service of his Pennsylvania sentence from February 17, 2010, through May 25, 2011.  Such transfers were effectuated to alleviate overcrowding in Pennsylvania's correctional facilities.  See, e.g., Maines v. Rendell, No. 11-70, 2011 WL 6153093, *1 (W.D. Pa. Dec. 9, 2011).

1   Petitioner attaches to his Objections documents regarding an inmate named Ernest Bradley.  [ECF No.

2   34 at 12-22].  Those documents have no relevance to Petitioner's case.

3           In conclusion, after *de novo* review of the petition and documents in this case, together with the

4   Report and Recommendation and Objections thereto, the following order is entered:

5           AND NOW, this 4th day of October, 2012;

6           IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is summarily dismissed

7   and a certificate of appealability is denied.  It is further ORDERED that the Erie County Court of

8   Common Pleas' motion to dismiss and strike [ECF No. 12] is granted.

9           The Report and Recommendation [ECF No. 32] of Magistrate Judge Baxter, filed on September

10   5, 2012, is adopted as the opinion of the Court as supplemented herein.

11           The Clerk is directed to mark the case closed.

12

13                                                     __/s_____
14                                                     Sean J. McLaughlin
15   cc:    All parties of record                      United States District Judge
16          Susan Paradise Baxter,
17          U.S. Magistrate Judge
18

3