IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| RUDY MENDOZA, | ) | |
|---|---|---|
| Petitioner, | ) | Civil Action No. 12-59 Erie |
| | ) | |
| v. | ) | District Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| ERIE COUNTY DISTRICT ATTORNEY'S OFFICE; ERIE COUNTY COURT OF COMMON PLEAS; ERIE COUNTY EXECUTIVE/ COUNCIL; ERIE COUNTY REGIONAL CONTRACT JAIL ALBION; INMATE GENERAL WELFARE FUND; AND, PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | ) ) ) ) ) ) ) ) ) | |
| Respondents. | ) | |

## MEMORANDUM ORDER

**SEAN J. McLAUGHLIN, District Judge.**

Before the Court is Petitioner Rudy Mendoza's motion for reconsideration. [ECF No. 36]. Because he has filed it within 28 days of this Court's entry of judgment, it is properly construed as a motion to alter or amend the judgment pursuant to Federal Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons that follow, the motion is denied.

I.

**A.** **Relevant Background**

Petitioner is a state prisoner currently incarcerated at the State Correctional Institution Albion. He is serving a judgment of sentence of 10-20 years' imprisonment, which was imposed upon him by the Court of Common Pleas of Westmoreland County at Criminal Docket No. 5026 of 2005 on November 8, 2006. [See State Resp. Ex. 1, ECF No. 28-1 at 9-16, 20]. In his petition for a writ of habeas corpus, he claimed that his sentence is excessive because it exceeds

1

the recommended range set forth by Pennsylvania's Sentencing Guidelines. [ECF No. 6 at 2-3]. As a result, he claimed, his sentence "lacked finality" and did not authorize his detention. He further claimed that when the Pennsylvania Department of Corrections (the "DOC") took custody of him after his sentencing, it was aware that it did not have the authority to detain him. The DOC therefore contracted with "the Erie County Court of Common Pleas, its Executive/Council, its administrative contract jail Albion Warden, formerly and now Michael W. Harlow, and Records Supervisor Cheryl Gill to 'alter' cause of detainment record for express purpose to 'hold' [him] at Albion[.]" [ECF No. 6 at 3]. Petitioner also claimed that when he was temporarily transferred to a prison in Muskegon County, Michigan, for service of his Pennsylvania sentence from February 17, 2010, through May 25, 2011,[1] his underlying sentence was "cancelled/terminated." [ECF No. 6 at 3-5]. As relief, Petitioner sought an order from this Court directing that he be released from custody and that he receive "compensatory relief from each defendant" pursuant to 42 U.S.C. § 1983. [ECF No. 6 at 1, 6].

On September 5, 2012, the Magistrate Judge issued a Report and Recommendation [ECF No. 32] in which she recommended that the petition be summarily dismissed because Petitioner was not raising a claim that is cognizable in habeas and because money damages are not available in habeas. In his Objections to the R&R [ECF No. 34], which Petitioner filed on September 18, 2012, he insisted that there was no valid judgment of sentence in his case.

On October 4, 2012, after *de novo* review of the documents in this case, together with the R&R and Petitioner's Objections, the Court issued a Memorandum Order [ECF No. 35] in which we adopted the Magistrate Judge's Report and Recommendation as the opinion of the Court, as

---

[1] Petitioner was one of those state prisoners who was temporarily transferred to a prison in Muskegon County, Michigan, for service of his Pennsylvania sentence from February 17, 2010, through May 25, 2011. Such transfers were effectuated to alleviate overcrowding in Pennsylvania's correctional facilities. See, e.g., Maines v. Rendell, No. 11-70, 2011 WL 6153093, *1 (W.D. Pa. Dec. 9, 2011).

supplemented therein, and closed this case. The Court held that the record is clear that Petitioner is in DOC custody pursuant to the valid judgment of sentence that was imposed by the Court of Common Pleas of Westmoreland County on November 8, 2006. [See State Resp. Exs. 1-3, ECF No. 28-1 at 9-16, 20, 30-40].

On October 10, 2012, Petitioner filed the pending motion [ECF No. 36], in which he requests that his Court reconsider its judgment.

## II.

The standard for obtaining relief under Rule 59(e) is difficult for a party to meet. The United States Court of Appeals for the Third Circuit has explained:

> The scope of a motion for reconsideration, we have held, is extremely limited. Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence. Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc., 602 F.3d 237, 251 (3d Cir. 2010). "Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [denied the petition for writ of habeas corpus]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (quotation marks omitted) (emphasis added).

Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011).

Petitioner has not demonstrated that he is entitled to relief under Rule 59(e). There has been no intervening change in the controlling law or the discovery of new evidence since this Court issued the October 4, 2012, Memorandum Order. Nor has Petitioner established a "need to correct a clear error or to prevent manifest injustice." His contention that there is no valid judgment of sentence in his case is premised upon his allegation that the state court did not issue a written sentencing order. If we accept that allegation for the sake of argument, Petitioner still

is not entitled to habeas relief because there is no federal constitutional requirement that a state court issue a separate written order setting forth the sentence imposed. Federal habeas relief is only available, in relevant part, on the grounds that Petitioner is in custody in violation of the Constitution of the United States, 28 U.S.C. §§ 2241(c)(3), 2254(a), and Petitioner's allegation, if true, does not support a finding that he is. Even if state law required the Court of Common Pleas to issue a separate written sentencing order, that would not entitle Petitioner to the relief he seeks because errors of state law are not cognizable in federal habeas. See, e.g., Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Moreover, the record before the Court demonstrates that Petitioner's judgment of sentence was recorded in writing. It is set forth on the Court of Common Pleas' docket sheet. [See State Resp. Exs. 1-3, ECF No. 28-1 at 9-16, 20]. Additionally, Petitioner does not contend that his sentencing proceeding was not transcribed. Thus, this Court assumes that when the state court verbally announced his sentence on November 8, 2006, it was recorded in the official transcript.

Finally, the cases upon which Petitioner relies do not move this Court to reconsider its judgment. In both Hill v. U.S. ex rel Wampler, 298 U.S. 460 (1936) and Biddle v. Shirley, 16 F.2d 566 (8th Cir. 1926), the sentence announced by the court differed from the sentence as set forth in the commitment order for the custodian. The courts in Hill and Biddle held that the sentence as stated by the court controlled because it is a basic principle of criminal sentencing that:

> the mittimus after conviction in criminal cases is a final process for carrying into effect the judgment of the court. The prisoner is detained, not by virtue of the warrant of commitment, but on account of the judgment and sentence. The mittimus is predicated upon the judgment of conviction and must be in substantial

4

> accord therewith. It, of course, cannot vary or contradict the judgment upon which it is based.

Biddle, 16 F.2d at 567 (internal citations omitted). Hill, 298 U.S. at 465 (a "warrant of commitment departing in matter of substance from the judgment back of it is void" and quoting Biddle for the proposition that "[t]he prisoner is detained, not by virtue of the warrant of commitment, but on account of the judgment and sentence."). What occurred in Hill and Biddle did not occur in Petitioner's case. The sentence as recorded on the Court of Common Pleas' docket sheet does not vary from the information provided to the DOC in the Court Commitment (DC-300B) Forms. [See State Resp. Exs. 1-3, ECF No. 28-1 at 9-16, 20, 30-40]. Therefore, Hill and Biddle do not support his contention that there is no valid judgment of sentence in his case, or that his Court Commitment (DC-300B) Forms are void.

### III.

Accordingly, this **17th** day of **October, 2012**, it is hereby **ORDERED** that Petitioner's motion to alter or amend the judgment [ECF No. 36] is **DENIED**.

s/ Sean J. McLaughlin
United States District Court Judge
Western District of Pennsylvania